```
                   UNITED STATES BANKRUPTCY COURT
                      DISTRICT OF NEW MEXICO
```

In re DANIEL WILLIAM COOK
and YOLANDA TERESA COOK,

                      Debtors.                    No. 7-04-17704 SA

SCOTT GARRETT and PAMELA JANE GARETT,
Trustees of the Scott Garrett and Pamela
Garrett Family Trust dated June 14, 1999,
as Shareholder individually, and on behalf
of TRENCHLESS INFRASTRUCTURE TECHNOLOGIES,
f/k/a and f/d/b/a HYDROSCOPE GROUP, INC.,
n/k/a and d/b/a HYDROSCOPE INTEGRATED
TECHNOLOGIES, INC., a Nevada Corporation,
and WHEELER PEAK CONSULTING. INC.,

                      Plaintiffs,

v.

DANIEL W. COOK, individually and as a
member of the Board of Directors of
Trenchless Infrastructure Technologies, Inc.
and YOLANDA COOK, individually and as a
member of the Board of Directors of
Trenchless Infrastructure Technologies, Inc.

                      Defendants.          Adv. No. 08-1074 SA

## MEMORANDUM OPINION ON DEFENDANTS' MOTION TO DISMISS

      This matter is before the Court on Defendants' Motion to Dismiss (doc 18), Garrett's objection thereto (doc 22), Defendants' Reply (doc 23), and Garrett's surreply[1] (doc 24). This is a core proceeding to determine the dischargeability of debts. 28 U.S.C. § 157(b)(2)(I). For the reasons set forth below, the Motion to Dismiss will be denied in part. Plaintiffs

---

    [1]Defendants agreed to allow Garrett to file a surreply addressing the statute of limitations issue only, which was raised in the Defendants' reply brief.

consent to dismissal of Count 2[2]. In addition, Wheeler Peak Consulting, Inc. will be dropped as a plaintiff[3].

**Standards to dismiss**

Defendants move to dismiss on two grounds: 1) lack of standing and 2) failure to state a claim under Rule 12(b)(6). The Court will address both grounds.

**STANDING**

Before discussing the standing issues, certain facts[4] should be noted. The Complaint defines "Garrett" as "Scott Garrett and Pamela Jane Garrett, <u>Trustees</u> of the Scott Garrett and Pamela Garrett Family Trust dated June 14, 1999". <u>See</u> Complaint preface (emphasis added). The Garretts are residents of Bernalillo County and the Garrett Family Trust is organized under the laws of New Mexico. <u>Id</u>. ¶ 1. Garrett is the owner of 900,000 shares of common stock of Hydroscope. <u>Id.</u> ¶ 7. Garrett invested $2 million in Hydroscope in exchange for the shares on or about November 10, 1998. <u>Id.</u> ¶ 8. At all relevant times, Garrett was and continues to be a shareholder in Hydroscope. <u>Id.</u> ¶ 105. There is obviously a mistake here. Mr. Garrett, individually or jointly with Ms. Garrett, purchased the shares in 1998, but the

---

[2] <u>See</u> Doc 22, p. 1.

[3] <u>See</u> Doc 22, p. 10.

[4] As discussed below, when ruling on a motion to dismiss, allegations of the complaint must be taken as true.

Page -2-

trust was not established until June 14, 1999. Therefore, the stock must have been transferred to the trust at some point. And, "Garrett" as defined above cannot have held the stock at all relevant times because the Garretts, individually, could not have have been trustees before the trust was created. In addition, on the fourth line of the caption of this adversary it states "as Shareholder individually," which is an apparent reference back to Scott Garrett and Pamela Garrett. So, a possible reading of the caption is that both Garretts, both as Trustees and as individuals, and on behalf of Hydroscope, are the Plaintiffs.

The Defendants argue that the only Plaintiff identified in the Complaint is Garrett as Trustee for the trust. Doc 18, p.3. They then argue that the shares purchased by Scott Garrett in 1998 were restricted shares that could not be transferred under the terms of the purchase agreement and that the shares were in fact never transferred on the books of Hydroscope into the trust.[5] Therefore, defendants argue that the trust has no

---

[5] These "facts" however, appear nowhere in the complaint and the Court is not treating this motion to dismiss as a motion for summary judgment. See Federal Rule of Civil Procedure 12(d). Therefore, these facts are not considered by the Court for this decision. The lack of transfer on the books is probably not relevant in any event. See Schwabacher and Co. v. Zobrist, 102 Nev. 55, 58, 714 P.2d 1003, 1005 (1986)(An unregistered transfer of stock is valid as between the purchaser and seller.); Double O Mining Co. v. Simrak, 132 P.2d 605, 606 (Nev. 1942)(An unregistered transfer is binding on the parties and the equitable title passes.)

standing because it never owned the shares[6], and it is too late to add the Garretts, individually, as additional plaintiffs[7].

The Court finds, however, that the issue involved here is not standing.

> Over the years, our cases have established that the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an "injury in fact"-an invasion of a legally protected interest which is (a) concrete and particularized, see [Allen v. Wright, 468 U.S. 737], at 756, 104 S.Ct. at 3327; Warth v. Seldin, 422 U.S. 490, 508, 95 S.Ct. 2197, 2210, 45 L.Ed.2d 343 (1975); Sierra Club v. Morton, 405 U.S. 727, 740-741, n. 16, 92 S.Ct. 1361, 1368-1369, n. 16, 31 L.Ed.2d 636 (1972);[footnote 1: By particularized, we mean that the injury must affect the plaintiff in a personal and individual way.] and (b) "actual or imminent, not 'conjectural' or 'hypothetical,'" Whitmore [v. Arkansas, 495 U.S. 149], supra, 495 U.S. at 155, 110 S.Ct. at 1723 (quoting Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983)). Second, there must be a causal connection between the injury and the conduct complained of-the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court." Simon v. Eastern Ky. Welfare Rights Organization, 426 U.S. 26, 41-42, 96 S.Ct. 1917, 1926, 48 L.Ed.2d 450 (1976). Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a

---

[6] Defendants cite Theratx, Inc. v. Duncan, 231 F.3d 1315 (11th Cir. 2000) for this proposition. This opinion was withdrawn by the 11th Circuit and replaced by 234 F.3d 1240 (11th Cir. 2000).

[7] Garretts argue, also outside of the record, that they instructed Mr. Cook to transfer the ownership of the shares on the books but that they never knew if he did or not, and that he refused to provide any information as to who the record owners were. If this were true, the Court might find that defendants should be estopped from basing arguments on the ownership of the shares.

> favorable decision." Id., at 38, 43, 96 S.Ct., at 1924, 1926.
>
> The party invoking federal jurisdiction bears the burden of establishing these elements. See FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231, 110 S.Ct. 596, 608, 107 L.Ed.2d 603 (1990); Warth, supra, 422 U.S., at 508, 95 S.Ct., at 2210. Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation. See Lujan v. National Wildlife Federation, 497 U.S. 871, 883-889, 110 S.Ct. 3177, 3185-3189, 111 L.Ed.2d 695 (1990); Gladstone, Realtors v. Village of Bellwood, 441 U.S. 91, 114-115, and n. 31, 99 S.Ct. 1601, 1614-1615, and n. 31, 60 L.Ed.2d 66 (1979); Simon, supra, 426 U.S., at 45, n. 25, 96 S.Ct., at 1927, and n. 25; Warth, supra, 422 U.S., at 527, and n. 6, 95 S.Ct., at 2219, and n. 6 (Brennan, J., dissenting). At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we "presum[e] that general allegations embrace those specific facts that are necessary to support the claim." National Wildlife Federation, supra, 497 U.S., at 889, 110 S.Ct., at 3189.

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

This case is still at the initial pleading stage. General factual allegations of injury are sufficient. We know that for counts 1 and 3, the stockholder (whoever it is) suffered injury from the general factual allegations. And, it is only a stockholder that can bring the derivative actions on behalf of Hydroscope under counts 4, 5 and 6. The issue is not standing, but rather whether this case is being prosecuted by the proper party in interest. Federal Rule of Civil Procedure 17(a)(3) provides:

Page -5-

> Joinder of the Real Party in Interest. The court may
> not dismiss an action for failure to prosecute in the
> name of the real party in interest until, after an
> objection, a reasonable time has been allowed for the
> real party in interest to ratify, join, or be
> substituted into the action. After ratification,
> joinder, or substitution, the action proceeds as if it
> had been originally commenced by the real party in
> interest.

The Court finds that for Counts 1 and 3 some discovery is needed to determine who the real parties in interest are. The Motion to Dismiss for lack of standing will be denied as to Counts 1 and 3.

Counts 4, 5 and 6 are derivative claims, however, and the real party in interest is the corporation for whose benefit the action is brought. Koster v. (American) Lumbermens Mut. Casualty Co., 330 U.S. 518, 522-23 (1947); Liddy v. Urbanek, 707 F.2d 1222, 1224 (11th Cir. 1983). The corporation is a necessary party in any shareholder derivative action, Tuscano v. Tuscano, 403 F.Supp.2d 214, 225 (E.D. N.Y. 2005), and it should be named as a defendant whenever the corporate management is "antagonistic" to the plaintiff shareholder, Liddy, 707 F.2d at 1224 (quoting Doctor v. Harrington, 196 U.S. 579 (1905)). Antagonism is evident when the derivative action alleges that the controlling shareholders are guilty of fraud or malfeasance. Id. It is clear from the caption of this adversary proceeding that the shareholder plaintiff is bringing a derivative action. However, the corporation is named as a plaintiff through the

reference "and on behalf of TRENCHLESS INFRASTRUCTURE TECHNOLOGIES, f/k/a and f/d/b/a HYDROSCOPE GROUP, INC., n/k/a and d/b/a HYDROSCOPE INTEGRATED TECHNOLOGIES, INC., a Nevada Corporation." Therefore the Court should realign the corporation as a defendant. And, the Plaintiff should forthwith obtain a summons and serve this defendant. Counts 4, 5 and 6 will not be dismissed for lack of standing. However, should plaintiff be unable to bring the corporation into this suit for any reason, Counts 4 through 6 perhaps should be dismissed for failure to join necessary parties.

Derivative claims are subject to Federal Rule of Civil Procedure 23.1[8], which states:

> (a) Prerequisites. This rule applies when one or more shareholders or members of a corporation or an unincorporated association bring a derivative action to enforce a right that the corporation or association may properly assert but has failed to enforce. The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of shareholders or members who are similarly situated in enforcing the right of the corporation or association.
> (b) Pleading Requirements. The complaint must be verified and must:
>     (1) allege that the plaintiff was a shareholder or member at the time of the transaction complained of, or that the plaintiff's share or membership later devolved on it by operation of law;
>     (2) allege that the action is not a collusive one to confer jurisdiction that the court would otherwise lack; and
>     (3) state with particularity:

---

[8] The federal rule is substantially identical to Nevada Rule of Civil Procedure 23.1.

>           (A) any effort by the plaintiff to obtain the
>           desired action from the directors or
>           comparable authority and, if necessary, from
>           the shareholders or members; and
>           (B) the reasons for not obtaining the action
>           or not making the effort.

Defendants argue that the Complaint does not allege that the Trust was a shareholder at the time of the transactions of which Plaintiff complains, that it does not allege with particularity the efforts made by the Plaintiffs to obtain the action desired and reasons for Plaintiffs' failure to obtain the action, and that the Complaint was not brought by a shareholder that fairly and adequately represents the interest of the other shareholders. See Doc 18, p. 8. The Court disagrees. While it is true there is some confusion about the identity of the stockholder, Garrett alleges that he purchased the stock on November 10, 1998 (¶¶ 8 and 67) and complains about actions that took place from 1999 to 2005 and later. Garrett lists both general and specific demands made on the Board of Directors: ¶¶ 28, 31, 33, 35, 36, 41, 44, 58, 59, 60, 61, 62, 65, 107, 108 and 109. These were sufficient. See also Shoen v. SAC Holding Corp., 122 Nev. 621, 638, 137 P.3d 1171, 1182 (2006)(The demand requirement is excused if the complaint's allegations, taken as true with all inferences drawn in favor of the plaintiff, suggests that the "business judgment rule" is inapplicable because the directors are "interested" in the subject transaction.) Finally, at this motion to dismiss stage there is no evidence in the record one way or the other

whether Garrett is a typical minority shareholder that does not fairly and adequately represent the interests of shareholders or members who are similarly situated in enforcing the right of the corporation.  This issue can be brought up by motion later in the case.

Therefore, there appears to be no standing impediment to this adversary proceeding, and no problem with Federal Rule of Civil Procedure 23.1.  Therefore, the Court will now turn to the substantive motion to dismiss for failure to state a claim.

**FAILURE TO STATE A CLAIM**

> The legal sufficiency of a complaint is a question of law, and a Rule 12(b)(6) dismissal is reviewed de novo. Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006). Again, for purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff. Id. "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Sutton v. Utah State Sch. for Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999) (internal quotation omitted).
> The Supreme Court recently retired "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), abrogated by Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  The Court replaced the Conley standard with a new standard in Twombly, which "prescribed a new inquiry for [courts] to use in reviewing a dismissal: whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.' " Ridge

> at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177
> (10th Cir. 2007) (quoting Twombly, 127 S.Ct. at 1974).
> The Court explained that "a plaintiff must 'nudge his
> claims across the line from conceivable to plausible'
> in order to survive a motion to dismiss." Id.
> (internal citation and brackets omitted). "Thus, the
> mere metaphysical possibility that some plaintiff could
> prove some set of facts in support of the pleaded
> claims is insufficient; the complaint must give the
> court reason to believe that this plaintiff has a
> reasonable likelihood of mustering factual support for
> these claims." Id.

Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009).

The Court will now examine the remaining counts to see if they are legally sufficient.

**COUNT 1**

Count 1 is based on 11 U.S.C. § 523(a)(2)(A) which provides:

> (a) A discharge under section 727, 1141, 1228(a),
> 1228(b), or 1328(b) of this title does not discharge an
> individual debtor from any debt–
> ...
> (2) for money, property, services, or an extension,
> renewal, or refinancing of credit, to the extent
> obtained by--
> (A) false pretenses, a false representation, or actual
> fraud...[.]

11 U.S.C. § 523.

> To prevail on a nondischargeability claim under §
> 523(a)(2)(A) claim, the creditor must prove by a
> preponderance of the evidence that:
> 1) the debtor made a false representation;
> 2) the debtor had the intent to deceive the creditor;
> 3) the creditor relied on the debtor's conduct;
> 4) the creditor's reliance was justifiable; and
> 5) the creditor was damaged as a proximate result.
> See Fowler Bros. v. Young (In re Young), 91 F.3d 1367,
> 1373 (10th Cir. 1996) (elements of § 523(a)(2)(A)); see
> also Field v. Mans, 516 U.S. 59, 74-75, 116 S.Ct. 437,
> 133 L.Ed.2d 351 (1995) (creditor's reliance must be
> justifiable, but not necessarily reasonable); Grogan v.

Page -10-

> Garner, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755
> (1991) (creditor must prove elements by a preponderance
> of the evidence).

Groetken v. Davis (In re Davis), 246 B.R. 646, 652 (10th Cir. B.A.P. 2000), aff'd in part, vacated in part on other grounds, 35 Fed.Appx. 826 (10th Cir. 2002).

The "General Allegations" section of the complaint and Count 1 list numerous misrepresentations and failures to disclose information. Intent can be inferred from the magnitude of the misrepresentations and their frequency. See Port Louis Owners Assn., Inc. v. Savage (In re Savage), 366 B.R. 574, 583 (Bankr. E.D. La.), aff'd, 371 B.R. 171 (E.D. La. 2007). Reliance is plead, as well as the justification for reliance. Damages are plead, and causation is plead. Count 1 states a cause of action under 11 U.S.C. § 523(a)(2).

**COUNT 2**

Plaintiffs consent to the dismissal of Count 2.

**COUNT 3**

Count 3 is based on 11 U.S.C. § 523(a)(6) which provides:

> (a) A discharge under section 727, 1141, 1228(a),
> 1228(b), or 1328(b) of this title does not discharge an
> individual debtor from any debt–
> ...
> (6) for willful and malicious injury by the debtor to
> another entity or to the property of another entity[.]

The "General Allegations" and Count III allege that the actions taken by Defendants, "without justification or excuse, and with full knowledge of the specific consequences of their conduct,

Page -11-

acted notwithstanding, knowing full well that their conduct would cause particularized injury, in this case damages to Garrett." Combined with the allegations for Count 1, Count 3 states a cause of action under 11 U.S.C. § 523(a)(6).

**COUNT 4**

Count 4 is a derivative action based on 11 U.S.C. § 523(a)(2)(A).  While Count I seeks a judgment in favor of Garrett for misrepresentations made to Garrett, Count 4 seeks a judgment in favor of Hydroscope.  The Complaint fails, however, to allege any specific instances of misrepresentation or fraud by the Defendants with respect to Hydroscope.  All of Count 4's allegations go more to the issue of the Defendants, as directors of Hydroscope, 1) not protecting the interests of minority shareholders, 2) engaging in self-dealing, 3) engaging in schemes designed to force minority shareholders to sell their shares for pennies on the dollar, and 4) wrongfully moving assets out of Hydroscope.  These allegations more properly belong in Count 5.  The Court finds that Count 4 does not state a claim and should be dismissed.

**COUNT 5**

Count 5 is a derivative action based on a breach of fiduciary duty and 11 U.S.C. § 523(a)(4) which provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–
> ...

>     (4) for fraud or defalcation while acting in a
>     fiduciary capacity[.]

Under Nevada common law[9], a corporate officer or director stands as a fiduciary to the corporation. <u>Leavitt v. Leisure Sports Inc.</u>, 103 Nev. 81, 86, 734 P.2d 1221, 1224 (1987); <u>Horwitz v. Southwest Forest Indus., Inc.</u> 604 F.Supp. 1130, 1134 (D. Nev. 1985) (construing Nevada law); <u>Western Indus., Inc. v. General Ins. Co.</u>, 91 Nev. 222, 228, 533 P.2d 473, 476 (1975). This obligation consists of a duty of care and loyalty, <u>Horwitz</u>, 604 F.Supp. at 1134, as well as a duty of good faith, honesty and full disclosure. <u>Western Indus.</u>, 91 Nev. at 228, 533 P.2d at 476. If it is shown that a director has a self-interest in a transaction, the burden of proof is on the director to demonstrate that the transaction is fair and serves the best interests of the corporation and its shareholders. <u>Horwitz</u>, 604 F.Supp. at 1134. And, if a director exploits an opportunity that belongs to the corporation it is a breach of fiduciary duty. <u>Bedore v. Familian</u>, 122 Nev. 5, 13 n. 25, 125 P.3d 1168, 1173 n. 25 (2006).

Under Nevada statutory law the board of directors of a corporation has full control over the affairs of the corporation. N.R.S. § 78.120(1). The board must exercise its powers in good

---

[9]Hydroscope is a Nevada corporation. The Court looks to the laws of the state of incorporation in determining a corporate director's duties and liabilities. <u>Miramar Resources, Inc. v. Shultz (In re Shultz)</u>, 205 B.R. 952, 958 (Bankr. D. N.M. 1997).

faith and with a view to the interests of the corporation.
N.R.S. § 78.138(1). But, "a director or officer is not
individually liable to the corporation or its stockholders or
creditors for any damages as a result of any act or failure to
act in his capacity as a director or officer unless it is proven
that: (a) His act or failure to act constituted a breach of his
fiduciary duty as a director or officer; and (b) His breach of
those duties involved intentional misconduct, fraud or a knowing
violation of the law." N.R.S. § 78.138(7).

The Complaint in this case alleges intentional misconduct on
the part of the Defendants. Count 4 alleges 1) not protecting
the interests of minority shareholders, 2) engaging in self-
dealing, 3) engaging in schemes designed to force minority
shareholders to sell their shares for pennies on the dollar, and
4) wrongfully moving assets out of Hydroscope. Count 5 alleges
that Defendants moved, encumbered and alienated assets of
Hydroscope contrary to the interests of its shareholders, failed
to account, mismanaged, filed lawsuits that were not in the best
interests of the corporation, and issued themselves shares of
stock without any authority to do so. Plaintiffs also allege
that the Defendants' actions were intentional, willful, wanton,
malicious, oppressive, fraudulent, in bad faith, or undertaken
with utter and reckless disregard for the rights of Hydroscope or
its shareholders. This states a cause of action under 11 U.S.C.

§ 524(a)(4). See also Miramar Resources, 205 B.R. at 959 (applying Delaware law):

> Based on Delaware statutes and common law, the Court finds Shultz, as a director of Miramar, was under a fiduciary obligation to the corporation for the management of the corporation and its assets, which can be considered to constitute the res of a technical trust. The Court further finds that Shultz was acting in his preexisting fiduciary capacity at the time of the transactions which constituted the breach, and the requirements of § 523(a)(4) are satisfied.

See also Assurance Systems Corp., ASC v. Jackson (In re Jackson), 141 B.R. 909 (Bankr. N.D. Tex. 1992)(Derivative action against directors of a Texas corporation; Court found requisite fiduciary relationship and breach of duties and held debt nondischargeable under 11 U.S.C. § 523(a)(4); applying Texas law.) The complaint states a claim for relief under 11 U.S.C. § 523(a)(4).

## COUNT 6

Count 6 is a derivative action based on willful and malicious injury under 11 U.S.C. § 523(a)(6). The combined allegations from Counts 4, 5 and 6 also state a claim for relief under 11 U.S.C. § 523(a)(6).

## DEFENDANTS' STATUTE OF LIMITATIONS ARGUMENT

In their reply brief, doc. 23, the Defendants raise N.R.S. § 11.190(3) as a statute of limitations defense[10]. That section fixes a three year statute of limitation for fraud actions.

---

[10] By discussing this argument, the Court is not finding one way or the other that the Nevada statutes of limitation apply in New Mexico Bankruptcy Court.

N.R.S. § 11.190(3)(d). It also applies to breach of fiduciary duty actions. Nevada State Bank v. Jamison Family Partnership, 106 Nev. 792, 799-800, 801 P.2d 1377, 1382 (1990) (citing Shupe v. Ham, 98 Nev. 61, 64-65, 639 P.2d 540, 542 (1982)). "However, the statute of limitation will not commence to run until the aggrieved party knew, or reasonably should have known, of the facts giving rise to the breach." Id. at 800, 801 P.2d at 1382.

Defendants characterize the entire Complaint as based on the 1998 stock transaction. See Doc. 23, p. 7, ¶ 27. If this were true, then perhaps summary judgment would be available. However, the 1998 stock transaction is only one allegation of many that are alleged to have occurred over many years. The Court is also aware from previous hearings in the main bankruptcy case that these parties have been involved in extensive state court litigation over a long period of time. The record[11] does not evidence when Garrett knew or reasonably should have known about the alleged breaches. The record does not evidence any tolling that may have taken place. The Court cannot grant a motion to dismiss for statute of limitations grounds on the current record.

**SUMMARY**

---

[11] Garrett's Surreply, doc 24, discusses the state court litigation, what the counts were, when Garrett discovered the fraud, etc. As mentioned above, however, none of this is evidence.

Page -16-

The Motion to Dismiss will be granted in part and denied in part. The Motion is granted for Counts 2 and 4. The Motion is denied for Counts 1, 3, 5 and 6. The Motion is granted with respect to named Plaintiff Wheeler Peak Consulting, Inc. A separate Order will enter.

_____
Honorable James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket:  August 14, 2009

Copies to:

Chris W Pierce
Attorney for Plaintiff(s)
Hunt & Davis, P.C.
P.O. Box 30088
Albuquerque, NM 87190-0088

Daniel J Behles
Attorney for Defendant(s)
Cuddy & McCarthy, LLP
7770 Jefferson NE, Suite 305
Albuquerque, NM 87109