UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
DANIEL WILLIAM COOK and
YOLANDA T. COOK,
    Debtors.                                                         No. 7-04-17704 SA

SCOTT GARRETT and
PAMELA JANE GARRETT, TRUSTEES
OF THE SCOTT GARRETT AND PAMELA
GARRETT FAMILY TRUST DATED JUNE 14, 1999,
    Plaintiffs,                                      Adv. No. 08-1074 S
v.

DANIEL WILLIAM COOK
    Defendant.

**MEMORANDUM OPINION ON PLAINTIFFS'**
**MOTION TO DISMISS DERIVATIVE CLAIMS**
**and ISSUE OF CONTINUING**
**<u>APPLICABILITY OF N.R.S. § 41.520</u>**

This matter is before the Court on Plaintiffs' Motion to Dismiss Derivative Claims ("Motion")(doc 57), and Defendants' Objection thereto (doc 61). This is a core proceeding. 28 U.S.C. § 157(b)(2)(I). Plaintiffs are represented by Hunt & Davis, P.C. (Julie J. Vargas and Chris W. Pierce). Defendant is self-represented.

The Motion states that Plaintiffs sent notice to all of the minority shareholders of Hydroscope Group, Inc. notifying them of Plaintiffs' intent to dismiss the derivative claims raised in this adversary proceeding and establishing a deadline for objections or requests to substitute as the party plaintiff. No

objections or other responses were received. Plaintiffs wish to dismiss the derivative claims set out as Counts IV[1], V, and VI.

In paragraph 3 of Defendant's objection, Mr. Cook states that Count IV has previously been dismissed, and that he does not object to the dismissal of Counts V and VI if the Court would allow for payment of fees. He also contends that even if Counts V and VI are dismissed, Plaintiffs should be required to post security under N.R.S. § 41.520 pursuant to an earlier decision of this Court.

## CONCLUSIONS

This motion to dismiss is governed by Federal Rules of Civil Procedure 23.1(c) and 41(a)(2). Those rules state:

> **Rule 23.1. Derivative Actions**
> (c) Settlement, Dismissal, and Compromise. A derivative action may be settled, voluntarily dismissed, or compromised only with the court's approval. Notice of a proposed settlement, voluntary dismissal, or compromise must be given to shareholders or members in the manner that the court orders.

and

> **Rule 41. Dismissal of Actions**
> (a) Voluntary Dismissal.
> (1) By the Plaintiff.
> ...
> (2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can

---

[1]Count IV was already dismissed in doc 31.

Case 08-01074-nlj    Doc 62    Filed 03/15/11    Entered 03/15/11 14:58:56 Page 2 of 5

remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

The Court finds that proper notice of the proposed dismissal was given to the required parties.

The Court may dismiss the derivative claims at Plaintiff's requests on proper terms. Brown v. Baeke, 413 F.3d 1121, 1123 (10th Cir. 2005). Absent legal prejudice to the defendant, the court normally should grant such a dismissal. Id. (Citing Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997), cert. denied, 522 U.S. 1052 (1998)). Defendants raised one issue, i.e., attorney fees.

In an earlier Memorandum Opinion, doc 27, the Court found that because Counts IV, V and VI were derivative claims against Defendants as directors of a Nevada corporation, N.R.S. § 41.520[2] was applicable. This statute allows the Court to fix an amount that Plaintiffs would have to deposit as security to reimburse the corporation and Defendants for fees and costs in the event Plaintiffs did not prevail. Application of this statute is not automatic, however, and a court must make certain findings set forth in the statute before ordering security. Before having a hearing on the N.R.S. § 41.520 issue, Plaintiffs announced their intent to dismiss and the parties filed briefs regarding whether

---

[2]The text of this statute appears as footnote 2 in doc 27.

Page -3-

the statute would apply even if Plaintiffs dismissed the derivative claims.

The Court finds that the plain language of N.R.S. § 41.520(2) requires a plaintiff to post security only in actions by shareholders to enforce secondary rights of a corporation resulting from the corporation's refusal to do so, or a derivative action. The Court therefore also finds that if the derivative claims are dismissed, N.R.S. § 41.520 has no further application to this adversary.

> In the United States, parties are ordinarily required to bear their own attorney's fees-the prevailing party is not entitled to collect from the loser. See <u>Alyeska Pipeline Service Co. v. Wilderness Society</u>, 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Under this "American Rule," we follow "a general practice of not awarding fees to a prevailing party absent explicit statutory authority." <u>Key Tronic Corp. v. United States</u>, 511 U.S. 809, 819, 114 S.Ct. 1960, 128 L.Ed.2d 797 (1994).

<u>Buckhannon Board and Care Home, Inc. V. West Virginia Department of Health and Human Resources</u>, 532 U.S. 598, 602 (2001). In the bankruptcy context, the only provision for allowing a debtor attorney fees for defending against a dischargeability claim is in 11 U.S.C. § 523(d), which provides:

> (d) If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

The debts in this case are business debts, not consumer debts. Therefore the statute does not apply, and the default position is that no attorney fee award is available.

Furthermore, an award of fees as a prerequisite to dismissal is purely within a court's discretion. <u>Brown</u>, 413 F.3d at 1123. There is no allegation that Plaintiffs filed the derivative claims in bad faith or without reasonable investigation. The case has not progressed past discovery. No trial date is set. The corporation involved has not yet entered its appearance or filed any pleadings. The only activities apparent from a review of the docket are those of Plaintiffs and Defendant. Therefore, the Court finds that no fee award would be proper in this case.

The Court will enter an appropriate order and set a final pretrial conference.

/s/ James S. Starzynski

Honorable James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket:  March 15, 2011

Copies to:

Chris W Pierce
Hunt & Davis, P.C.
P.O. Box 30088
Albuquerque, NM 87190-0088

Daniel William Cook
920 Galeras NW
Albuquerque, NM 87120

Julie J Vargas
PO Box 30088
Albuquerque, NM 87190-0088